IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| United States of America ) | Cr. No. 3:07-00461 |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Joshua Juston Seibles ) | |
| Defendant. ) | |
| _____ ) | |

Joshua Seibles ("Defendant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant filed the within § 2255 motion on March 18, 2013. ECF No. 68. On April 16, 2013, the United States of America (the "Government") filed a motion to dismiss. ECF No. 75. On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Defendant of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. ECF No. 76. On May 6, 2013, Defendant filed a a motion to appoint counsel, ECF No. 85, and a "motion to dismiss the Government's motion to dismiss," for lack of subject matter jurisdiction, ECF No. 86.[1]

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2007, a federal grand jury returned a four-count indictment charging Defendant with theft of firearms from a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(u), 924(i)(1) ("Count 1"); felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count 2"); possession of firearms with obliterated serial numbers, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B) ("Count 3"); and possession with intent to distribute a quantity of

---

[1] There is also a pending motion to dismiss for lack of subject matter jurisdiction that Defendant filed prior to his § 2255 motion, on December 27, 2012, which the court will address. ECF No. 67.

marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) ("Count 4"). ECF No. 4. On July 31, 2007, pursuant to a written plea agreement, Defendant pleaded guilty to Counts 1, 2, & 4. ECF Nos. 30 & 31. By the terms of the plea agreement, Defendant waived the right to contest either his conviction or his sentence in a direct appeal or a post-conviction motion, including by way of a § 2255 motion. ECF No. 30 at 10. On January 27, 2009, Defendant was sentenced to incarceration for a period of 151 months, to be followed by three years of supervised release. ECF Nos. 61 & 62. On January 29, 2009, the court entered judgment. ECF No. 62. Defendant did not file a direct appeal.

## II. DISCUSSION

### A. *Section 2255 Motion*

Defendant asserts that his "sentence was imposed in violation of the double jeopardy clause" because "[18 U.S.C. §§ 924(i)(1) & 924(a)(2)] are both elements of [18 U.S.C. § 922(g)] therefore [he] has been convicted twice for the same offense." ECF No. 68 at 4. The Government asserts that Defendant's § 2255 motion should be dismissed as time-barred. Further, the Government contends that Defendant's motion is not saved by the doctrine of equitable tolling.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on

2

which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, Defendant did not file a direct appeal, so the judgment became final on February 9, 2009, ten days after it was entered.[2] *See* FED. R. APP. P. 4(b)(1)(A)(1), (6) (then providing ten days for the filing of a notice of appeal in the district court). As such, Defendant's March 18, 2013 motion was not filed within one year of the date his judgment of conviction became final.

Defendant argues that his § 2255 motion is timely because he filed it within one year of May 24, 2012, the date the Supreme Court decided *Blueford v. Arkansas*, 132 S. Ct. 2044 (2012), upon which he premises his request for habeas relief. *Blueford* involved a particular application of the Double Jeopardy Clause as it relates to the retrial of a case following a mistrial due to a hung jury. Defendant's Double Jeopardy argument is difficult to comprehend, but he appears to be arguing that his convictions for theft from a licensed firearm dealer and being a felon in possession of a firearm together violate the clause's prohibition on multiple convictions for the same offense. Whatever the merits of that argument, the absence of a mistrial in this case, or even a trial for that matter, assures the court that the right Defendant asserts did not originate in the *Blueford* court's discussion of the Double Jeopardy Clause. Defendant identifies no other right initially recognized by the Supreme Court within a year of his filing the instant § 2255 motion that could render it timely. Furthermore, Defendant cites no impediment created by the Government that prevented him from timely filing a

---

[2] Because the last day of the ten-day period fell on a Sunday, the period continued to run until the following Monday, February 9, 2009. *See* FED. R. APP. P. 26

3

§ 2255 motion, or facts supporting his claim that could not have been discovered through the exercise of due diligence.

Therefore, the one-year limitations period commenced on February 9, 2009, the date Defendant's conviction became final. Thus, Defendant's motion is untimely under § 2255(f).

Defendant contends that, if the court finds his motion untimely under § 2255(f), it is nevertheless saved by the doctrine of equitable tolling. An otherwise time-barred defendant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A defendant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010). Defendant asserts that the Supreme Court's decision in *Blueford* was such a circumstance. Assuming a mere change in the law could be deemed an "extraordinary circumstance," that argument is foreclosed in this case, as *Blueford* is inapposite

In addition, the court finds that, even if Defendant's claims were not time-barred, he expressly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement. Such a waiver is enforceable as long as the defendant waived his rights knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Defendant does not allege in his motion that his plea was either unknowing or involuntary. Moreover, neither of the exceptions to Defendant's waiver applies, as his motion is based on neither ineffective assistance of counsel, nor a claim of prosecutorial misconduct. Accordingly, even if not time-barred, his § 2255 motion would still be unavailing.

**B.** *Jurisdictional Motions*

Through two different motions, Defendant contends that his convictions and sentence are invalid because the court lacks subject matter jurisdiction over the case. ECF Nos. 67 & 86. Defendant appears to argue that the Government must own the property where the offense conduct took place in order for a district court to have subject matter jurisdiction over a federal criminal prosecution. The Fourth Circuit has stated:

> Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231. . . . Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.

*United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) (internal quotation marks omitted). Defendant was indicted and pleaded guilty to violations of 18 U.S.C. §§ 922(u), 924(i)(1); 18 U.S.C. §§ 922(g)(1), 924(i)(1); and 21 U.S.C. §§ 841(a)(1), (b)(1)(D). The court has subject matter jurisdiction over prosecutions arising out of those laws, *see* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."), without regard to where the offense conduct occurs. Therefore, the court has jurisdiction over the within matter.

**C.** *Motion to Appoint Counsel*

It is within the court's discretion to appoint counsel if it deems it to be "in the interest of justice." 18 U.S.C. § 3006A(2)(b). Rule 8(c) of the RULES GOVERNING § 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS provides that a court must appoint counsel in a habeas

proceeding only "[i]f an evidentiary hearing is required." The interests of justice do not require the appointment of counsel, and an evidentiary hearing is not required to resolve Defendant's motion. Accordingly, Defendant's motion to appoint counsel is denied.

### III. CONCLUSION

For those reasons, Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 68, is **DENIED**. Defendant's motion to appoint counsel, ECF No. 85, is **DENIED**. Both of Defendant's motions to dismiss for lack of subject matter jurisdiction, ECF Nos. 67 & 86, are **DENIED**. The Government's motion to dismiss, ECF No. 75, is **GRANTED**.

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Defendant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 14, 2013